J-S08009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID GENE DANIELS | : | |
| | : | |
| Appellant | : | No. 1344 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 10, 2022
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000135-2020

BEFORE: OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:          **FILED: JUNE 12, 2023**

Appellant, David Gene Daniels, appeals from the August 10, 2022 judgment of sentence entered in the Court of Common Pleas of Wyoming County after Appellant pleaded guilty to driving under the influence of alcohol or controlled substance ("DUI") – second offense.[1] We affirm.

The trial court summarized the factual and procedural history as follows:

On [] January 9, 2020, [Appellant] was charged with driving under the influence of alcohol []or controlled substance, 75 Pa.C.S.A. § 3802(d)(1)(ii), driving under the influence of alcohol []or controlled substance, 75 Pa.C.S.A. § 3802(d)(2)[,] and endangering the welfare of children, 18 Pa.C.S.A. [§ ]4304(a)(1). The charges stem from an incident that occurred on Wednesday, August 21, 2019. According to the police criminal complaint, [Appellant] was at the courthouse for a hearing [when the magisterial district court[FN1]] ordered [that Appellant undergo] a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(2).

drug test. [Appellant] was accompanied to the courthouse [by a] minor[ child. Appellant] failed a urine test[,] and it was noted he [drove] a motor vehicle with the child to the courthouse. [Appellant] was placed under arrest for suspicion of driving under the influence of a controlled substance and transported to [a] hospital for a blood [draw]. The blood tests were positive for Amphetamine, Methamphetamine, Oxycodone-Free[,] and Oxymorphone-Free at the time of [Appellant's] arrest.

> [Footnote 1 Appellant] was before [the magisterial district court] for preliminary arraignment on several charges of driving under the influence. [Appellant's preliminary arraignment] was [originally] scheduled for August 20, 2019[,] but [Appellant] failed to appear so a bench warrant was issued. [Appellant] presented to [the magisterial district court] on August 21, 2019.

On July 7, 2020[, Appellant] appeared in magisterial district court and waived all counts to [the trial] court. A guilty plea to one [] count of driving under the influence - highest rate was entered by [Appellant] on May 7, 2021. Thereafter, on July 7, 2021, the Commonwealth filed a motion to withdraw [the] guilty plea based upon [Appellant's] prior [conviction for] driving under the influence [] in Wyoming County[, Pennsylvania]. On July 1, 2022[, Appellant] entered a [new] guilty plea to one [] count of driving under the influence - tier III, second offense. [Appellant] was sentenced on August 10, 2022[,] to pay the cost of prosecution, to pay a fine in the amount of []$1,500.00[,] and to be committed to the Department of Corrections for confinement in a state [correctional] institution for a period of not less than [16] months nor more than [60] months. [Appellant] received credit for prior confinement in the amount of one day. It was further ordered that [Appellant] shall be eligible for [a recidivism risk reduction incentive ("RRRI")] minimum sentence.

Following sentencing, [Appellant] filed a timely motion for reconsideration which was denied by [the trial] court on August 23, 2022. [On September 22, 2022, Appellant's counsel] simultaneously filed a notice of appeal and a petition [to withdraw as] counsel. The petition to withdraw was granted[,] and new counsel was appointed.

Trial Court Opinion, 11/17/22, at 1-2 (extraneous capitalization and record citation omitted).

On appeal, Appellant challenges the sentence imposed by the trial court. Specifically, Appellant raises the following issues for our review:

1      Did the [trial] court err as a matter of law by considering unproven facts which were specifically excluded by the parties from the record and which served to enhance the sentence?

2.      In the alternative, did the [trial] court abuse its discretion in formulating an appropriate sentence by considering facts not of record which were specifically excluded from the record?

3.      Did the [trial] court abuse its discretion in failing to adequately consider Appellant's physical health as well as his rehabilitative efforts following his arrest and conviction in the instant case?

4.      Did the [trial] court abuse its discretion in barring Appellant from participating in the state intermediate punishment program?

Appellant's Brief at 3 (extraneous capitalization omitted).

Appellant's issues, *in toto*, challenge the discretionary aspects of his sentence, arguing that the trial court abused its discretion in fashioning Appellant's sentence when the trial court relied on an improper fact (the presence of a minor child in the vehicle at the time of the offense), failed to consider Appellant's physical health and rehabilitative needs, and determined that Appellant was ineligible to participate in the state intermediate punishment ("SIP") program without stating its reasons on the record. *Id.* at 14-15.

It is well-settled that "the right to appeal [the] discretionary aspect[s] of [a] sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant [] filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> [***Moury***, 992 A.2d] at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

***Commonwealth v. Hill***, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). If an appellant fails to challenge the discretionary aspects of a sentence either by presenting a claim to the trial court at the time of sentencing or in a post-sentence motion, then the appellant's challenge is waived. ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013). A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is "contrary to the fundamental norms which

underlie the sentencing process." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011). In determining whether a substantial question exists, this Court "cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement[.]" ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015).

Here, the record reflects that Appellant filed a timely notice of appeal and properly preserved challenges to the discretionary aspects of his sentence in his petition for reconsideration of his sentence. Appellant also included a Rule 2119(f) statement in his brief. Appellant's Brief at 14-15. In his Rule 2119(f) statement, Appellant asserts that his sentence was excessive because (1) the trial curt relied "upon allegations that a minor child was present in the vehicle at the time of the offense when such assertion was specifically retracted by the Commonwealth from [its] offer of proof at the time of the guilty plea[;]" (2) that the trial court "rejected Appellant's assertion of drug and alcohol rehabilitative efforts, noting that his claims were no more than unsubstantiated assertions without documentation from health care providers[;]" and (3) that the trial court failed to set forth a rational basis for denying Appellant the opportunity to participate in a SIP program. ***Id.*** at 14. In so arguing, we find Appellant raises substantial questions that his sentence was inapposite to the Sentencing Code. ***See Commonwealth v. Downing***, 990 A.2d 788, 792 (Pa. Super. 2010) (stating that, allegations that the trial court relied on evidence not of record or on improper facts raise a substantial

question permitting review); *see also Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (stating that, while an allegation that the trial court did not adequately consider sentencing factors does not raise a substantial question, averments that the trial court was unaware or misinformed of a sentencing factor does raise a substantial question); *Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (stating that, a trial court's "failure to set forth adequate reasons for the sentence imposed has been held to raise a substantial question" (citation and original quotation marks omitted)). Therefore, we proceed to consider the merits of Appellant's discretionary sentencing claims.

In his first and second issues, Appellant asserts that the trial court, in imposing a sentence, impermissibly "relied upon a factual assertion withdrawn by the Commonwealth as part of the plea colloquy[,]" namely that "Appellant[,] while impaired[,] operated his vehicle with a minor passenger in the motor vehicle." Appellant's Brief at 21. Appellant argues that "the nature and circumstances of the crime [are] limited to those facts either admitted by [Appellant] at the time of the [guilty] plea or those facts established at the time of sentencing either through a [pre-sentence investigation ("PSI")] report or through evidence presented." *Id.* Appellant contends that, "[a]t the sentencing hearing[,] there was no evidence presented to substantiate" a minor child was in the vehicle. *Id.*

In reviewing sentencing matters, we are mindful of our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009).

> A sentence is invalid if the record discloses that the [trial] court may have relied in whole or in part upon an impermissible consideration. This is so because the [trial] court violates [a] defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the [trial] court's impartiality, or information that it is otherwise unfair to hold against the defendant.

***Downing***, 990 A.2d at 792-793 (citations and original brackets omitted).

Appellate review of a trial court's sentencing determination is governed by Section 9781(c) of the Sentencing Code.

> Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the [trial] court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable."

***Commonwealth v. Bowen***, 975 A.2d 1120, 1123 (Pa. Super. 2009), *citing* 42 Pa.C.S.A. § 9781(c).

At Appellant's sentencing hearing in the case *sub judice*, the trial court stated its reasons for imposing a sentence of 16 to 60 months' incarceration as follows:

> [Appellant] ha[d] a relevant criminal record, [Appellant] failed to address his apparent drug and alcohol abuse pattern, [and Appellant] acted without regard in operating a motor vehicle under the influence with a minor child[.]

N.T., 8/10/22, at 17. The trial court further stated that "any lesser [] sentence would depreciate the seriousness of [Appellant's] actions, and [Appellant's] continued drug and alcohol use has made him a threat not only to himself, but to our community as a whole." *Id.* Although the trial court, prior to imposing its sentence, identified Appellant's conviction as "DUI, tier three, second offense, controlled substance, with a minor occupant in the vehicle," Appellant's counsel clarified the record by stating,

> If I can just clarify for the record[.] What [Appellant] has pled to was just the second offense DUI. At the time of the guilty plea[,] the Commonwealth [] agreed not to seek any enhancement for the minor in the vehicle. The [PSI report] reflects it correctly. And I understand that the standard range allows for that sentence. I just wanted to clarify for the record[.]

*Id.* at 15-18. Thereupon, the trial court acknowledged the clarification. *Id.* at 18.

A review of the record demonstrates that Appellant pleaded guilty to DUI – second offense pursuant to Section 3802(d)(2) of the Vehicle Code, and this offense was graded as a first-degree misdemeanor. 75 Pa.C.S.A. § 3802(d)(2); *see also* 75 Pa.C.S.A. § 3803(b)(4); Guilty Plea, 7/1/22. As such, the statutory penalties for Appellant's conviction included that he "undergo imprisonment of not less than 90 days[,] pay a fine of not less than $1,500[.00,] attend an alcohol highway safety school approved by the

[Pennsylvania Department of Transportation, and] comply with all drug and alcohol treatment requirements imposed under [75 Pa.C.S.A. §§ 3814 and 3815]."[2]  75 Pa.C.S.A. § 3804(c)(2).  The PSI report demonstrates, and Appellant acknowledges, that Appellant's prior record score was 3 and his offense gravity score was 5.  PSI Report, 8/17/22; *see also* Appellant's Rule 1925(b) Statement, 11/10/22, at ¶3.  Thus, under the applicable sentencing guidelines, a sentence within the standard range called for a minimum period of incarceration of 6 to 16 months, and a sentence within the aggravated range of the sentencing guidelines would subject Appellant to a minimum sentence of 9 to 19 months' incarceration.  PSI Report, 8/7/22; *see also* 204 Pa. Code § 303.16(a).  Lastly, Appellant's conviction carried a mandatory minimum sentence of 3 months' incarceration, *see* 75 Pa.C.S.A. § 3804(c)(2)(i), and a statutory maximum period of incarceration of 60 months, *see* 18 Pa.C.S.A. § 106(b)(6) and (e).

Section 3804(c.1) of the Vehicle Code provides additional penalties when an individual is convicted of a DUI offense where a minor under the age of 18 was an occupant in the vehicle.  75 Pa.C.S.A. § 3804(c.1); *see also* 75 Pa.C.S.A. § 3803(b)(5).  For a first offense, the additional penalties include a fine of not less than $1,000.00 and a requirement that the individual complete

---

[2] At the plea hearing, the Commonwealth waived the sentencing enhancement set forth in Section 3804(c.1), which imposes additional penalties where a DUI violation involves a minor occupant in the vehicle, as discussed *infra*.  N.T., 7/1/22, at 15.

100 hours of community service. 75 Pa.C.S.A. § 3804(c.1)(1)(i and ii). For a second offense, the additional penalties include a fine of not less than $2,500.00 and a minimum sentence of not less than one month nor more than six months' incarceration. 75 Pa.C.S.A. § 3804(c.1)(2)(i and ii). In fashioning Appellant's sentence, the trial court did not apply either Section 3804(c.1)(1) or Section 3804(c.1)(2) because the sentence did not require Appellant to complete 100 hours of community service (Section 3804(c.1)(1)(ii)) or pay a fine "of not less than $2,500.00" (Section 3804(c.1)(2)(i)).[3]

Section 9721(b) of the Sentencing Code requires a trial court, in fashioning its sentence, to "follow the general principle that the sentence imposed should call for total confinement that is consistent with [S]ection 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). When imposing a sentence for a misdemeanor, such as in the case *sub judice*, the trial court shall "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Thus, in the case *sub judice*, while

---

[3] Although some question arises as to what constitutes a second offense pursuant to Section 3804(c.1) - whether an individual must have been convicted on two separate occasions of a DUI offense involving a minor child as an occupant in the vehicle or whether only the second DUI conviction must involve a minor child as an occupant in the vehicle - we do not undertake such an analysis of Section 3804(c.1) in the case *sub judice*.

the Commonwealth declined to seek the sentencing enhancement under Section 3804(c.1) for purpose of sentencing, the trial court was free, pursuant to Section 9721(b), to consider the presence of a minor in the vehicle at the time of the offense in imposing an individualized sentence that accounted for, *inter alia*, the protection of the public and the gravity of the offense. Consequently, Appellant's first and second issues are without merit.

In his third issue, Appellant asserts that the trial court failed to adequately consider his physical condition and rehabilitative efforts in determining a sentence. Appellant's Brief at 22-23. Appellant asserts that the trial court "obviously discounted Appellant's rehabilitative efforts on the basis of a lack of written verification from the health [care] providers[.]" ***Id.*** at 23. Appellant contends he "informed the [trial] court [that] he[,] in fact[,] completed a course of drug and alcohol treatment [] subsequent to his arrest in the instant case and was accepted into an [intensive outpatient treatment ("IOP")] program" but that he "faced insurance difficulties which delayed his latest application for [an] IOP [program.]" ***Id.*** at 22.

In so arguing, Appellant concedes that the trial court was aware of several mitigating circumstances, including his physical and medical conditions and his history of drug and alcohol treatment. Despite the trial court's admitted awareness of these factors, Appellant asserts that the trial court failed to adequately consider these mitigating circumstances, as well as Appellant's need for rehabilitative treatment, in fashioning its sentence. The record reveals that the trial court reviewed a PSI report, and Appellant

concedes that the PSI report correctly set forth the guidelines for sentencing. *See* PSI Report, 8/17/22; *see also* Trial Court Opinion, 11/17/22, at 3; N.T., 8/10/22, at 10, 18. When a trial court orders and reviews a PSI report prior to sentencing, this Court presumes that the trial court "was aware of all relevant sentencing factors." *Commonwealth v. Knox*, 219 A.3d 186, 199 (Pa. Super. 2019), *appeal denied*, 228 A.3d 256 (Pa. 2020). The record further reveals that Appellant's counsel, as well as Appellant, informed the trial court, prior to sentencing, of Appellant's extensive physical and medical history, as well as his history involving drug and alcohol abuse and attempts at treatment. N.T., 8/10/22, at 10-11, 13-14; *see also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (stating that, "[i]t would be foolish, indeed, to take the position that if a [trial] court is in possession of the facts, it will fail to apply them to the case at hand").

The trial court imposed a sentence that fell within the standard range of the sentencing guidelines and, in so doing, adequately considered, *inter alia*, the PSI report, Appellant's criminal record, and his apparent drug and alcohol abuse. We discern no abuse of discretion or error of law in the sentence imposed by the trial court, and the trial court took into consideration all of the relevant factors, pursuant to Section 9721(b). Moreover, under the individual circumstances of the case *sub judice*, we cannot reweigh the factors considered by the trial court to determine that the sentence, which fell within the standard range of sentencing guidelines, was unreasonable. Therefore, Appellant's third issue is without merit.

In his final issue, Appellant challenges that aspect of the trial court's sentencing determination that denied him the opportunity to participate in a SIP program. Appellant's Brief at 24-25. Appellant asserts that the trial court "denied Appellant's participation in [a] SIP [program] without identifying the reasons for the denial." *Id.* at 24.

Preliminarily, we note that at the time Appellant committed the aforementioned offense (August 2019), participation in a SIP program was available as a sentencing alternative pursuant to Section 9721(a) of the Sentencing Code. 42 Pa.C.S.A. § 9721(a)(7) (effective September 4, 2012 to December 17, 2019). Section 9721(a.1)(2) stated that "[a]n eligible offender may be sentenced to State intermediate punishment pursuant to [Section 9721](a)(7) and as described in 61 Pa.C.S.[A. Chapter] 41 . . . even if a mandatory minimum sentence would otherwise be provided by law."[4] 42

_____

[4] An "eligible offender" was defined as

> a defendant designated by the [trial] court as a person convicted of a drug-related offense who:
>
> (1) Has undergone an assessment performed by the Department of Corrections, which assessment has concluded that the defendant is in need of drug and alcohol addiction treatment and would benefit from commitment to a drug offender treatment program and that placement in a drug offender treatment program would be appropriate.
>
> (2) Does not demonstrate a history of present or past violent behavior.

Pa.C.S.A. § 9721(a.1)(2) (effective September 4, 2012 to December 17, 2019). "A defendant is not entitled to SIP, instead SIP is a privilege granted

_____

> (3) Would be placed in the custody of the [Department of Corrections] if not sentenced to State intermediate punishment.
>
> (4) Provides written consent permitting release of information pertaining to the defendant's participation in a drug offender treatment program.
>
> The term shall not include a defendant who is subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon, as defined pursuant to law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing, a defendant who has been convicted or adjudicated delinquent of any crime requiring registration under 42 Pa.C.S.[A. Chapter] 97 [Subchapter] H (relating to registration of sexual offenders) or a defendant with a current conviction or a prior conviction within the past ten years for any of the following offenses: 18 Pa.C.S.[A.] § 2502 (relating to murder)[,] 18 Pa.C.S.[A.] § 2503 (relating to voluntary manslaughter)[,] 18 Pa.C.S.[A.] § 2506 (relating to drug delivery resulting in death)[,] 18 Pa.C.S.[A.] § 2901(a) (relating to kidnapping)[,] 18 Pa.C.S.[A.] § 3301(a)(1)(i) (relating to arson and related offenses)[,] 18 Pa.C.S.[A.] § 3502 (relating to burglary), in the case of burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present[,] 18 Pa.C.S.[A.] § 3701(a)(1)(i), (ii) or (iii) (relating to robbery)[,] 18 Pa.C.S.[A.] § 3702 (relating to robbery of motor vehicle)[, or] 18 Pa.C.S.[A.] § 7508(a)(1)(iii), (2)(iii), (3)(iii) or (4)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S.A. § 4103 (effective July 1, 2013 to February 1, 2020) (paragraph formatting modified).

at the discretion of the [trial] court."[5]  *Commonwealth v. Kuykendall*, 2 A.3d 559, 565 (Pa. Super. 2010).  Nonetheless, Section 9721(b) of the Sentencing Code requires a trial court, when imposing a sentence for a misdemeanor, to state, as part of the record, "the reason or reasons for the sentence imposed."  42 Pa.C.S.A. § 9721(b).

Here, the trial court, in imposing Appellant's sentence, stated, *inter alia*, that "[Appellant] shall be eligible for [a] RRRI minimum sentence, but shall not be eligible for [SIP.]"  N.T., 8/10/22, at 16.  The trial court explained that Appellant's sentence was based upon a consideration of his criminal record, his failure to address his drug and alcohol abuse pattern, and his operation of a vehicle with a minor child present at the time of the offense and that "any lessor of a sentence would depreciate the seriousness of [Appellant's] actions".  *Id.* at 17.  As such, the trial court explained the reasons for its sentencing determinations on the record, and we are without grounds to deem Appellant's punishment unreasonable.  *Kuykendall*, 2 A.3d at 565.  Consequently, we do not find the trial court abused its discretion or erred in sentencing Appellant.

---

[5] Section 4108 states, "[n]otwithstanding any other provision of law to the contrary, [61 Pa.C.S.A. Chapter 41] shall not be construed to[ c]onfer any legal right upon any individual, including an individual participating in the drug offender treatment program, to[] participate in a drug offender treatment program[.]"  61 Pa.C.S.A. § 4108(1)(i) (effective October 13, 2009).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2023